UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff/Appellant

vs.

JONATHAN SMOOT, et al.,
Defendants.

Case No. 1:19-50

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility and frequent filer in this Court,[1] has filed a prisoner civil rights action under 42 U.S.C. § 1983. On March 28, 2019, the Court entered an Order denying plaintiff leave to proceed *in forma pauperis* and ordered plaintiff to pay the full filing fee within 30 days. (Doc. 4). Plaintiff/appellant has now filed a notice of appeal and motion for leave to appeal *in forma pauperis* from the Court's order. (Docs. 5, 6).

Plaintiff/appellant's motion for leave to appeal *in forma pauperis* should be denied on the ground that plaintiff/appellant is prohibited from obtaining pauper status on appeal pursuant to

---

[1] As of this date, plaintiff has filed over 20 cases in the Southern District of Ohio. *See McDougald v. Erdos*, 1:19-cv-107 (TSB: SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy,* 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear,* 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad*, 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

the "three strikes" provision set forth in 28 U.S.C. § 1915(g). A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* on appeal in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. McDougald may not proceed *in forma pauperis* on appeal unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which

applies to prisoners who are "under imminent danger of serious physical injury." "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315. *See also Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed).

Plaintiff/appellant has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notice of appeal, which would enable him to proceed on appeal *in forma paupers* despite his prior three strikes. Without factual elaboration, plaintiff/appellant claims he is "under imminent danger of serious physical injury as Defendants Smoot, Nurse Hart, [and] Osborne are currently subjecting plaintiff to dangerous conditions due to there (sic) continuous denial of medical care plaintiff is experiencing, breathing issues, severe headaches, vision issues with his left eye, mucus, due to the excessive force that he has endured with the knowledge of Defendants who continuously denies him needed medical care and continues to falsify documents to cover there (sic) malicious act." (Doc. 6 at 1). The undersigned notes that plaintiff/appellant has claimed in six of his recent cases that he is in imminent danger based on death threats by other defendants and/or a generalized lack of medical care claims. *See* Case Nos. 16-317 (Doc. 120: "I am constantly being subject to death threats and being denied medical."), 16-1099 (Doc. 69 at PageID 491) ("I have been the subject of death threats by defendants Bauer, Osborne, Rogers, Dillows"), 17-95 (Doc. 53 at PageID 305) ("plaintiff has been threatened with death by Lt. Kyer . . . along with

being the subject of excessive force [and] denial of medical treatment and being subject to cold air from the intentional opening of the windows outside my cell"), 17-464 (Doc. 41 at PageID 218) ("I have been threatened with death by Defendant Williams and her co-workers . . . and been subject to retaliation and excessive force and the denial of medical treatment."), 18-498 (claiming to be "the subject of death threats daily with the most recent death threats occurring on January 3, 2018 by c/o Lafferty and c/o Late."), and 19-107 (Doc. 1 at PageID 12) (claiming imminent danger based on the denial of medical treatment related to OC spray).[2] In five of those cases, plaintiff/appellant has been denied leave to proceed *in forma pauperis* and a report and recommendation to deny his *in forma pauperis* motion is pending in the sixth case based on plaintiff/appellant's conclusory allegations of imminent danger. Plaintiff/appellant's motion for leave to appeal *in forma pauperis* should similarly be denied in this action as his self-serving and conclusory allegations are insufficient for the Court to reasonably infer that plaintiff/appellant is under imminent danger. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible).") (quoting *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008)). Unsupported, vague, and conclusory allegations of verbal threats are insufficient to satisfy the imminent danger exception. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (denying imminent danger exception because

---

[2] *See also* Case No. 2:19-cv-257 (alleging that he is in imminent danger as a result of being denied medical care following "numerous head, face fracture injuries, hand, mouth, nose injuries, shoulder injuries, in which resulted in emergency hospitalization in the Ohio State University Medical Center").

4

the plaintiff's pleading was "largely a collection of vague and utterly conclusory assertions"); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed on appeal *in forma pauperis* (Doc. 6) be **DENIED.**

Date: 5/9/19

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff/Appellant

vs.

JONATHAN SMOOT, et al.,
Defendants/Appellees.

Case No. 1:19-50

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).